IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

UNIVERSITY OF CINCINNATI,

        Plaintiff,

v.

RED CEDAR SOLUTIONS, INC.

        Defendant.

Civil Action No. 14-cv-00458

Magistrate Judge Karen L. Litkovitz

## PROTECTIVE ORDER

This matter having come before the Court upon the Stipulation of the parties for entry of a Protective Order ("Order"), and the Court being fully advised in the premises;

IT IS HEREBY ORDERED:

1.1 This Order shall govern all confidential and proprietary documents, data, information, responses to subpoenas, responses to requests for production of documents, interrogatory responses, live deposition testimony, deposition transcripts, and any other discovery material (collectively, "Information") provided, produced, or made available for inspection in response to any method of discovery conducted in this Action.

1.2 Any person or entity producing Information in this Action that it reasonably believes is: (a) confidential and proprietary and the public disclosure of which would be harmful to that person or entity, or its employees or agents; (b) unlawful to produce under privacy laws governing health, patient or employee information; or (c) subject to 45 C.F.R. Section 164.501 (protected health information), may designate such Information, or any appropriate part thereof, as confidential (hereinafter "Confidential Information").

1.3 Any person producing Confidential Information in this Action may designate that Information as Confidential by any of the following methods:

    a. Marking any documentary Information as "Confidential" prior to its production by stamping "CONFIDENTIAL" on each page so designated. In cases where Confidential Information to be produced is in a form other than paper (including, without limitation, audiotape, videotape, computer tape, computer card, computer disc, compact disc, microfilm or microfiche), the producing person may designate it as Confidential by affixing to the Confidential Information or its container a stamp or other clear designation with the legend "CONFIDENTIAL;"

    b. By marking documents as Confidential Information prior to making them available for inspection, or by identifying them as Confidential Information at the time of inspection;

    c. By stating in writing, prior to the inspection of things or premises, that Confidential Information will be disclosed. Such writing shall specify those parts of things or those areas of the premises in which its Confidential Information will be revealed; or

    d. By stating orally on the record during the course of a deposition that any portion of the testimony is designated as Confidential and that the indicated portion of the transcript is to be marked as "CONFIDENTIAL."

  1.4 Any party receiving designated Confidential Information shall maintain it a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Information as is it would exercise with respect to its own Confidential Information of a similar nature, but in no event less than reasonable care. Each recipient of any designated Confidential Information agrees, by their receipt of such Information, to be subject to the jurisdiction of this Court solely for the purposes of the implementation and enforcement of this Order.

2. If Confidential Information is produced inadvertently, without proper designation as "Confidential" in accordance with this Order, its production shall not be deemed a waiver of the right to assert its confidentiality. Said Information may be so designated at a later date, at which time this Order shall apply prospectively to such Information. This designation may be made by identifying with specificity in writing the Confidential Information that was not designated as Confidential prior to production. For this method of designation, it will be sufficiently specific identification to refer to the Bates numbers or deposition page numbers of the Confidential Information. If, prior to receiving such designation, the receiving party disseminated the Confidential Information to persons not authorized to receive it pursuant to this Order, the party shall (a) notify the persons to whom the Confidential Information was disseminated of the confidentiality designation in writing and with a copy to the producing person or entity, and (b) include in the same writing a request for return of the Confidential Information.

3. A recipient of Confidential Information shall not disclose or provide it to any person other than:

(a) counsel of record in this litigation and the attorneys, paralegals, and other employees of the firm where such counsel of record practices, or Court Reporters required to transcribe designated testimony, or employees of an independent photocopying, microfilming, or similar services utilized by such counsel of record, to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation (collectively "Counsel");

(b) an individual party, officers, or employees charged with the responsibility for making business decisions dealing directly with this Action or who are assisting counsel in preparation for proceedings in this Action;

(c) independent experts and consultants who are not regular employees of a party and who are retained by a party or its counsel, such as independent experts, accountants, statisticians, economists, and other consultants, whose advice and consultation are being or will be used by such party or its counsel in connection with this Action; provided that before access is given, the consultant or expert has completed the Undertaking Regarding Confidentiality in the form attached as Exhibit A;

(d) a party or non-party deponent or trial witness and counsel for such deponent or witness in the course of his or her testimony, provided that any such individual has completed the Undertaking Regarding Confidentiality in the form attached as Exhibit A;

(e) persons who have prepared or assisted in the preparation of the Confidential Information or to whom the Confidential Information was addressed, delivered, or relates;

(f) representatives of the parties' respective insurers, including their counsel, who have agreed to provide coverage with respect to the defense of claims in this action;

(g) subject to the provisions of Paragraph 7 below, the Court in this action and Court personnel, including a stenographic reporter or certified videotape operator engaged in such proceedings as are a necessary

incident to trial of this action and/or preparation of this action for trial; and

(h) any other person to whom the producing person agrees in writing.

4. Before disclosing designated Confidential Information to any witness (pursuant to section 3(d)), or expert or consultant (pursuant to section 3(c)), other than the producing person or entity and its officers, directors, employees and experts, a party contemplating disclosure shall require such recipients to read a copy of this Order and sign a copy of the Undertaking Regarding Confidentiality attached hereto ("Undertaking"). Counsel shall retain each such Undertaking until such time as the litigation, including all appeals, is concluded and counsel has retrieved all Confidential Information from the recipient in compliance with paragraph 12 below.

5. This Order shall be without prejudice to the right of any party to object to any discovery request on the grounds that the information requested is not relevant or otherwise discoverable.

6. This Order does not authorize filing Confidential Information under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). If a document or deposition transcript containing designated Confidential Information is filed with the Court, pursuant to such permission granted by the Court, it shall be filed with the Clerk of the Court in accordance with S.D. Ohio L.R. 79.3, and filed in a sealed envelope marked with the caption of the case, the title of the document enclosed and the text,

**DOCUMENTS UNDER SEAL**
**FILED PURSUANT TO A PROTECTIVE ORDER**

in bold, capital letters not less than one inch high.

5

7. Should a need arise during the trial or any hearing before the Court for any of the parties to cause designated Confidential Information to be disclosed in open court, it may do so only upon stipulation of the producing person or entity or after the producing person or entity is given reasonable notice of such intended disclosure, and a reasonable opportunity to seek safeguards from the Court.

8. Designated Confidential Information, whether or not ultimately made part of the public record, shall be used solely for purposes of the above-captioned litigation, including any appeals, and for no other business, litigation, or other purpose whatsoever.

9. This Order shall not prevent any of the parties from moving this Court, after first having unsuccessfully requested from the designating person or entity withdrawal of a designation of "Confidential," for an order that Information should not remain designated as Confidential and/or should not be subject to this Order. On such a motion, the person or entity asserting confidentiality shall have the burden of proving that the Information satisfies Section 1.2, above.

10. The restrictions set forth in the preceding paragraphs shall not apply to Information which:

    (a) is or becomes disclosed to the public other than through violation of this Order, provided, however, that such Information shall not lose its Confidential status by reason of its use or disclosure in this Action;

    (b) is acquired by the non-producing party from a third party lawfully possessing such documents, materials or information; and

    (c) was lawfully possessed by the non-producing party before discovery in this action.

11. Nothing in this Order shall:

   (a) prevent or restrict any person from using or disclosing in any way Information it first produced or disclosed in this Action;

   (b) prevent or restrict any person from seeking additional protection with respect to the disclosure of particular Information;

   (c) prevent or restrict any person from seeking relief from this Order for good cause shown;

   (d) Prohibit a person from producing designated Confidential Information in its possession pursuant to a lawful subpoena, or other compulsory process, <u>provided</u> that said person first notify the person that originally produced the Information of such subpoena or process and provide them with a reasonable opportunity to file objections to such disclosure before the Information is disclosed.

12. Except as may be otherwise agreed by the parties, not later than 60 days after the conclusion of this Action (including all appeals), all copies of designated Confidential Information produced by the other side shall be destroyed or returned to the party that first produced it, except for designated Confidential Information that has been incorporated into attorney work product. Provided, however, that counsel only may retain such confidential information for a period of 2 years from the last day of services in this matter, subject at all times to the terms of this Order.

13. Any litigation with respect to this Order shall be conducted pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Ohio. This Order is subject to modification by the Court.

14. If at any time any Confidential Information protected by this Order is subpoenaed lawfully from the receiving party, or is demanded by any other person with authority to require the production of such Information, the party to whom the subpoena or other demand is directed shall promptly give written notice thereof to the producing party with respect to Information sought.

IT IS SO ORDERED:
Dated: 10/14/14

_Karen L. Litkovitz_
Magistrate Judge Karen L. Litkovitz

IT IS SO STIPULATED:

MICHAEL DEWINE (0009181)
Ohio Attorney General

BRIAN J. O'CONNELL (0059276)
D. KRISTOFFER BRANDENBURG(0086232)
Strauss Troy
The Federal Reserve Building
150 East Fourth Street, 4th Floor
Cincinnati, OH 45202
513-621-2120 – Telephone
513-241-8259 – Facsimile
bjoconnell@strausstroy.com
dkbrandenburg@strausstroy.com

LEE ANN RABE (0077170)
JAMES D. MILLER (0080357)
Assistant Attorneys General
Education Section
30 East Broad Street, 16th Floor
Columbus, OH 43215
614-644-7250 – Telephone
614-644-7634 – Facsimile
LeeAnn.Rabe@OhioAttorneyGeneral.gov
James.Miller@OhioAttorneyGeneral.gov
Counsel for the University of Cincinnati

ALAN HARRIS
MATTHEW RECHTIEN
Bodman PLC
201 South Division Street, Suite 400
Ann Arbor, MI 48104
734-761-3780 – Telephone
734-930-2494 – Facsimile
aharris@bodmanlaw.com
mrechtien@bodmanlaw.com

Counsel for Red Cedar Solutions Group, Inc.

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

UNIVERSITY OF CINCINNATI,

        Plaintiff,

v.

RED CEDAR SOLUTIONS, INC.

        Defendant.

Civil Action No. 14-cv-00458

**Magistrate Judge Karen Litkovitz**

_____

### UNDERTAKING REGARDING CONFIDENTIALITY

I,_____, being duly sworn, state that:

My residence address is _____.

My current employer is _____.

My business address is _____.

My business telephone is _____.

My current occupation is _____.

I have received a copy of the Protective Order in this action, a copy of which is attached hereto.

I carefully have read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes set forth in the Protective Order any Confidential Information which is disclosed to me.

Promptly upon termination of this action, I will return all Confidential Information that came into my possession and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

9

I hereby submit to the jurisdiction of this Court in this action solely for the purpose of enforcement of this Protective Order.

```
                                        _____
                                        (Signature)
```

Subscribed and sworn to before me on this ___ day of_____, 2014.

```
                                        _____
                                        Notary Public
```

3822909.1